**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Sachs,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Heidi Quinlan,<br><br>　　　　Defendant. | No. CV-22-00430-PHX-SMB<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff Kenneth Sachs' (1) Motion for Alternative Service and Urgent Injunction, (Doc. 13); (2) Motion for Extension of Time to Serve Summons, (Doc. 15); and (3) Motion to Seal, (Doc. 9). For reasons set forth below, the Court will dismiss Sachs' Complaint and deny the pending motions.

**I.　　Background**

　　　　Sachs alleges that, on September 12, 2019, the Superior Court of Maricopa County appointed Heidi Quinlan—a behavioral health professional—to serve as the "Therapeutic Interventionist" in a dispute before that court. (Doc. 1 ¶ 5.) Following a court-ordered psychological evaluation of Sachs, Quinlan submitted her report to the superior court on May 21, 2020. (*Id.* ¶¶ 5–6.) The contents of this report are known. (*See generally* Doc. 1 at 10–16.) However, Sachs alleges the report contained numerous falsities that "are the direct cause of [Sachs'] parenting time reduction to supervised visits only" because the presiding judge "relied on the falsities." (Doc. 1 ¶¶ 7–8.) Sachs also alleges the report "was based upon false information, bias and personal thoughts rather than actual facts."

(*Id.* ¶ 8.) Finally, Sachs alleges that "[Quinlan] used her position as a court appointed Therapeutic Interventionist to exert authority and influence the Court to make a decision regarding the welfare of a child." (*Id.* ¶ 10.)

Sachs' Complaint contains three causes of action: (1) perjury under A.R.S. § 13-2702; (2) gross negligence; and (3) violation of his constitutional right to familial relations. (*Id.* ¶¶ 11–25.) Although the first two claims are state claims, the third is a purported federal claim. In his Complaint, Sachs seeks (1) monetary damages in the sum of $10,000,000; (2) pre- and post-judgment interests, costs, and attorney fees; (3) equitable relief; and (4) punitive damages. (*Id.* at 8.) Sachs believes that—under 28 U.S.C. § 1343 and 28 U.S.C. § 1391(b)—this Court is the proper jurisdiction and Venue. (*Id.* ¶¶ 3–4.) The Court disagrees.

**II.     Legal Standard**

The Court must determine if it has subject-matter jurisdiction before it can consider the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Under Federal Rule of Civil Procedure Rule 12(h)(3), the Court must dismiss a cause of action if it determines—at any point—it lacks subject-matter jurisdiction. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Courty of Oneida*, 414 U.S. 161, 666 (1974)). But "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Henry v. Adventist Health Castle Med. Ctr.*, 363 F. Supp. 3d 1128, 1132–33 (D. Haw. 2019) (quoting Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)) (alterations original).

**III.    Discussion**

    **A. The Complaint**

Sachs' Complaint alleges that "[t]his Court has jurisdiction over this action under

28 U.S.C. 1343 (civil rights)." (Doc. 1 ¶ 3.) Although Sachs fails to identify under which subsection the Court has jurisdiction, the Court will consider the merit of each subsection.

Subsection (a)(1) and (a)(2) of 28 U.S.C. § 1343 are inapplicable because they pertain only to claims under 42 U.S.C. § 1985, which involves conspiracy claims that require "two or more persons." Here, Sachs' only allegations are against Quinlan, and he makes no claims of conspiracy. (*See generally* Doc. 1.) Thus, these two subsections of plainly inapposite to this case.

Under subsection (a)(4), the Court has jurisdiction when relief is sought under any Act of Congress which provides protections of civil rights. Sachs does not cite to any Act of Congress; thus, the Court can rule out the application of this subsection as well.

The final subsection—28 U.S.C. § 1343(a)(3)—states that the Court shall have jurisdiction of an action to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress." Construing the Complaint liberally—as the Court must—this is the only subsection with any potential application to the facts at hand, though the Court ultimately finds that it does not confer jurisdiction.

"Merely [asserting] a constitutional claim" under section 1343(a)(3) "is not sufficient to obtain jurisdiction." *Doe v. Klein*, 599 F.2d 338, 340 (9th Cir. 1979). The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly unsubstantiated; obviously frivolous; plainly unsubstantial; or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) (cleaned up); *see also Sachs v. Wees*, No. CV-22-00368-PHX-DWL, 2022 WL 901415, at *2 (D. Ariz. Mar. 28, 2022). "The doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state law issue, the real focus of the claim, to be litigated in the federal system." *Wees*, 2022 WL 901415, at *2 (quoting *Davis v. Pak*, 856 F.2d 648, 650-51 (4th Cir. 1988)).

Here, Sachs contends that Quinlan lied in her report to Sachs' detriment. (Doc. 1 ¶

9.) Sachs also alleges Quinlan abused her power by "not present[ing] actual facts based on medical evidence." (*Id.* ¶ 10.) In doing so, Sachs contends that Quinlan "interfered with [Sachs'] familial right of association by presenting a biased and unfair evaluation and recommendation and using her position of power to create a false mental picture to the Court, leading to its use by the honorable judge to reduce [Sachs'] parenting time to supervised visitation only." (*Id.* ¶ 25.)

None of Sachs' claims suffice to confer jurisdiction on this Court. Sachs fails to show how 28 U.S.C. §1343 is applicable, and further fails to show how Quinlan acted under the color of law or could be considered a state actor. *See Wees*, 2022 WL 901415, at *2 ("Plaintiff does not allege how 42 U.S.C. § 1983 is implicated here or how [the defendant] could be considered a state actor."); *see also Lemke v. Jander*, 2021 WL 778653, *4 (S.D. Cal. 2021) ("Plaintiff cannot invoke this Court's jurisdiction based on allegations that Defendant violated Plaintiff's constitutional rights because Plaintiff has not adequately alleged a federal right that Defendant violated or that Defendant was acting under color of law.")). Significantly, Sachs provides no explanation for why this Court should treat a private actor—a court appointed therapist—as a state actor and has, thereby, failed to establish jurisdiction. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 924 (9th Cir. 2011) ("In order for private conduct to constitute governmental action, something more must be present.") (internal quotation marks and citation omitted).

A further jurisdictional hindrance to Sachs' case arises under Arizona law, which holds that if a therapist formulates an opinion about an issue pending before the court and aids the court in making its decision—as Quinlan did here—then that therapist is entitled to judicial immunity. *See Brittner v. Lanzilotta*, 438 P.3d 663, 665–66 (Ariz. Ct. App. 2019) ("Absolute judicial immunity has been extended to 'certain other court officials who perform functions integral to the judicial process, including court-appointed psychologists and psychiatrists who assist the court." (quoting *Lavit v. Superior Ct. In & For Cnty. of Maricopa*, 839 P.2d 1141, 1144 (Ariz. Ct. App. 1992))). Sachs has provided no reason why this immunity has been abrogated and, therefore, the Court is without jurisdiction to

hear the case. *See also In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002) ("Judicial or quasi-judicial immunity . . . is extended in appropriate circumstances to non[-]jurists 'who perform functions closely associated with the judicial process.'" (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)).

Moreover, the Court finds that these jurisdictional ailments could not be cured by amendment. Consequently, it would be futile to provide Sachs with leave to amend.

### B. The Pending Motions

Sachs currently has three motions pending before the Court. (Docs. 9; 13; 15.) The Court will deny as moot Sachs' Motion for Alternative Service and Urgent Injunction, (Doc. 13), and Motion for Extension of Time to Serve Summons, (Doc. 15). Thus, Sachs' only remaining motion is his Motion to Seal. (Doc. 9.) The Court will deny that Motion on its merits.

Sachs' Motion to Seal suffers from two significant ailments. First, it does not comply with Local Rule 5.6(b). That rule requires that a party motioning to seal a document "set forth a clear statement of the facts and legal authority justifying the filing of the document under seal and must append (as a separate attachment) a proposed order granting the motion." LRCiv 5.6(b). Here, Sachs Motion merely lists Arizona's rules of civil procedure regarding motions to seal. (Doc. 9.) It does not contain any *relevant* legal authority, nor does it proffer any facts in support of the Motion, nor does it append a proposed order granting the Motion. (*Id.*) Thus, Sachs' Motion is procedurally deficient.

Second, the Motion does not overcome the presumption articulated in *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the Ninth Circuit opined that the public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Id.* at 1178. To do so, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (internal quotation marks and citations omitted). Here, Sachs has provided no facts; thus, it is impossible for the court to make any factual

1  findings.  Likewise, Sachs has not provided any compelling reason for granting the Motion.
2  Indeed, as articulated above, his Motion contains nothing but irrelevant procedural rules.
3  (See Doc. 9.)  Consequently, he has failed to overcome the presumption in favor of public
4  access to court filings, and the Court will deny the Motion to Seal.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** dismissing Plaintiff's Complaint with prejudice.  (Doc. 1.)

**IT IS FURTHER ORDERED** denying all pending motions. (Docs. 9; 13; 15.)

**IT IS FURTHER ORDERED** instructing the Clerk in enter judgment in accordance with this order and terminate this case.

Dated this 22nd day of June, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge